UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MARTHA KANE**                                                            **CIVIL ACTION**

**VERSUS**                                                                 **NO. 06-8653**

**METROPOLITAN PROPERTY AND**                                              **SECTION "S" (1)**
**CASUALTY INSURANCE COMPANY,**
**METLIFE AUTO & HOME, ET AL.**

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **DENIED**.  (Rec. Doc. 4).

### BACKGROUND

Plaintiff, Martha Kane, filed suit in the Twenty-Second Judicial District Court for the Parish of St. Tammany, State of Louisiana, against her insurer Metropolitan Property and Casualty Insurance Company ("Metropolitan"), her agent, Warwick Service Center ("Warwick") and AAA Contractor Services ("AAA") .[1] In her petition, Kane states that Metropolitan is a foreign insurance company; Warwick is a corporation doing business in Louisiana; and AAA is a Louisiana contractor. Kane alleges that the defendants are jointly liable for damages sustained to her property resulting from Hurricane Katrina. Metropolitan removed this case to this Court alleging that: (1) complete diversity jurisdiction exists under 28 U.S.C. § 1332 because Warwick Services Center and AAA are

---

[1] AAA is a nominal entity.

improperly joined; and (2) this Court has jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. § 1369.[2] Kane filed a motion to remand arguing that the MMTJA does not apply to this case, and her insurance agent, Warwick, was not improperly joined.

## DISCUSSION

**A.   Legal standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides in pertinent part: "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993).

**B.   Diversity Jurisdiction**.

Metropolitan contends that this Court has diversity jurisdiction over this case because complete diversity exists between the Kane and the only properly joined defendant, Metropolitan, and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

Although Kane's petition names AAA as a Louisiana defendant, Kane's motion to remand does not mention AAA.  Because AAA is a nominal defendant, its alleged Louisiana citizenship will be disregarded.  28 U.S.C. § 1441(a).

Kane's petition alleges that Warwick is Kane's insurance agent and is a corporation authorized to do and doing business in the State of Louisiana. However, according to the petition, Kane requested service on Warwick via the long arm statute, listing Warwick's address for service

---

[2]Because this Court finds that it has diversity jurisdiction, it unnecessary to address the jurisdictional argument under the MMTJA.

in Warwick, Rhode Island.  Kane has not presented any response to Metropolitan's contention that Warwick is a foreign entity.

Based on the unopposed claims of Metropolitan above, this Court finds that Warwick is a foreign entity.  Accordingly, this Court finds that Warwick is a foreign entity and therefore, diversity jurisdiction exists.

## CONCLUSION

For the forgoing reasons, plaintiffs' motion to remand is **DENIED.**

New Orleans, Louisiana, this __18th__ day of April, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**